engine, and did not have any flagman at said crossing nor any switchman or brakeman on the front car of said train, *held* not subject to the criticism that the negligence charged is not that of careless and improper driving and managing the engine and train, and *held* that it was sufficient to sustain a judgment, especially after verdict.

2. RAILROADS, § 754*—*when question whether failure to look and listen is negligence is for jury.*   In an action against a railroad company to recover for the death of a pedestrian at a highway crossing, *held* under the facts of the case it was a question for the jury to determine whether the deceased was negligent in failing to look and listen for the approaching train, it appearing that by looking he could have seen the train approaching, but it also appearing that a train on another track attracted his attention and that the highway ran diagonally across the tracks so that in crossing, his back was nearly towards the approaching train.

3. RAILROADS, § 770*—*when giving of instruction inapplicable to pleadings and evidence reversible error.*   In an action against a railroad company to recover for the death of plaintiff's intestate at a highway crossing, the giving of an instruction which directed a verdict and injected into the case the question whether the defendant was running its train over the crossing at a greater speed than usual and than was reasonably safe to persons about to cross the tracks, *held* reversible error where the declaration did not charge and there was no evidence tending to show that the train was running at an unusual or excessive rate of speed.

---

## Gerret Wilkins, Appellee, v. Madison Coal Corporation, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed July 28, 1914.

### Statement of the Case.

Action by Gerret Wilkins against Madison Coal Corporation to recover for personal injuries received by plaintiff on account of a fall of coal from the roof

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of a crosscut in which plaintiff and his buddy were engaged in running a machine used in undercutting coal in defendant's mine. The declaration charged that the defendant wilfully failed to inspect the roof and to observe its dangerous condition and that the mine examiner within twelve hours previously inspected the place and observed the dangerous roof at said point, and wilfully failed to place a conspicuous mark or sign thereat, and wilfully failed to make a daily record of the conditions as required by statute. A jury was waived and trial had before the judge which resulted in a finding and judgment in favor of plaintiff for $2,999. To reverse the judgment, defendant appeals.

C. H. BURTON, for appellant; JOHN G. DRENNAN, of counsel.

WEBB & WEBB, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. MINES AND MINERALS, § 176*—*when evidence insufficient to show wilful failure to mark dangerous condition of roof of mine.* In an action by a miner to recover for personal injuries received by a fall of coal from the roof of a crosscut in defendant's mine, where the injury was alleged to have been caused by the wilful failure of the mine examiner to observe the dangerous condition of the roof and place a conspicuous mark thereat, *held* that a judgment in favor of plaintiff was not sustained by the evidence, it appearing that the mine examiner had sounded the roof and found no loose condition existing in the roof and that thereafter other employees had sounded the roof and found it solid, and there was no evidence to show that the dangerous condition existed at the time the mine examiner inspected it.

2. MINES AND MINERALS, § 86*—*liability for dangerous condition of roof of mine where examiner failed to discover defect.* A mining

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

company is not liable for injuries resulting from the dangerous condition of the roof of its mine merely because the defect existed at the time the mine examiner inspected and he failed to discover it, where there were no physical facts that were visible or that could be ascertained by the means required by statute and there was nothing to indicate a· dangerous condition.·

## The People of the State of Illinois for use of Betty Dunn, Appellee, v. Roy Moore, Appellant.

### (Not to be reported in full.)

Appeal from the County Court of Johnson county; the Hon. J. F. HIGHT, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

### Statement of the Case.

Bastardy proceeding by the People of the State of Illinois for the use of Betty Dunn charging Roy Moore with being the father of her bastard child. The trial resulted in a verdict finding the defendant the father of the child and judgment was entered requiring him to pay $350 for its support. To reverse the judgment defendant appeals.

O. R. MORGAN, for appellant.

H. A. SPANN, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 842*—*sufficiency of certificate that record contains all the evidence.* The making of a certificate that the rec-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.